UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

WILLIAM ROBERT SHAW,

        Plaintiff,

v.                                               Case No. 22-C-97

COUNTY OF MILWAUKEE, et al.,

        Defendants.

---

## SCREENING ORDER

---

Plaintiff William Robert Shaw, who is a pretrial detainee at the Milwaukee County Jail and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his civil rights. This matter comes before the Court on Plaintiff's motion for leave to proceed without prepayment of the full filing fee and for screening of the complaint.

### MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Plaintiff requested leave to proceed without prepayment of the full filing fee (*in forma pauperis*). Dkt. No. 2. On February 14, 2022, the Court waived the initial partial filing fee because Plaintiff lacked the funds to pay it. Dkt. No. 7. The Court notified Plaintiff that, if he wished to voluntarily dismiss this action to avoid the possibility of incurring a strike under 28 U.S.C. §1915(g), he must do so within 21 days of the order. *Id*. Plaintiff did not voluntarily dismiss this case. Thus, the Court will grant the motion for leave to proceed without prepayment of the filing fee and will screen the complaint below.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

ALLEGATIONS OF THE COMPLAINT

Shaw has been a pretrial detainee at the Milwaukee County Jail since February 2017. Dkt. No. 1, ¶2. Defendants are Religious Coordinator Matthew Johnston, Milwaukee County, Aramark, and John/Jane Doe Aramark employees #1-10. *Id.*, ¶¶3-6.

Shaw states that the Milwaukee County Jail is a "hostile, toxic environment" that causes inmates to accept outrageous violations of their constitutional rights. *Id.*, ¶¶8-10. Specifically, on October 26, 2021, Shaw signed up to receive Kosher meals to practice his Jewish faith. *Id.*, ¶11. Shaw explains that he has signed up to receive Kosher meals on at least two other occasions at the jail, but ultimately, he had to "withdraw" because the Kosher meals provided by Aramark were vegetarian/vegan, and the non-meat protein substitutes were limited to "overly processed cheese," peanut butter, rice, bread, string beans, and applesauce. *Id.*, ¶¶12, 23, 33. Shaw explains that his religion allows him to eat meat such as chicken, pheasant, ducks, and fish that have been "butchered with a perfectly smoothed blade and inspected for any blemishes" but Aramark does not provide such meat options at the jail. *Id.*, ¶22. Without these accommodations, Shaw states he cannot "genuinely practice[e] his religious beliefs." *Id.*, ¶33. Shaw states that he is "tired of receiving cheese or the alternative" and is tired of "receiving the same meal three times a day, every day containing the same contents." *Id.*, ¶¶14, 36. Shaw believes that Aramark should be required to do business with "Kosher Kitchens" in the community so that they can provide authentic, real kosher meals that contain meat. *Id.*, ¶21. Shaw states that he has filed grievances with Aramark regarding the quality of the food but these grievances have been ignored. *Id.*, ¶24.

3

Shaw explains that he has orally complained to Johnston about the quality of Aramark's Kosher meals since at least 2020, but Johnston maintains that as long as Aramark provides nutritious meals, the Kosher meal requirements are "satisfied." *Id*., ¶13. Shaw has also orally notified Johnston that he believes John/Jane Doe Aramark employees #1-10 have been "tampering" with his Kosher meals. *Id*., ¶¶12-14. For example, he believes that John/Jane Doe Aramark employees #1-10 have been "falsely labeling" food as Kosher and contaminating the food by placing them on un-sanitized carts and lifting the Styrofoam lid that covers the food to check what is inside before serving the food to the intended party. *Id*., ¶¶26-27. Shaw states that there should be "tamper proof seals" on all Kosher meals and he also thinks that a Rabbi should be consulted when planning and preparing Kosher meals. *Id*., ¶¶16, 31, 33.

Shaw also states that the jail "has never provided an opportunity" for Jewish inmates to celebrate or observe any Jewish holidays. *Id*., ¶¶18, 30. Shaw identifies fifteen Jewish holidays and states that none of these holidays are acknowledged or publicly announced by the jail. *Id*., ¶¶18-19, 30. By contrast, Islamic holidays such as Ramadan are advertised at the jail with written signs in each housing unit reminding Muslim inmates to sign up for meal accommodations during the holiday. *Id*., ¶¶18-19. Muslim inmates also have religious services at the jail with "a teacher" from the community to help study the Quran, while there are no religious services available for Jewish inmates with a Rabbi to help teach the Torah. *Id*., ¶19. For relief, Shaw seeks monetary damages and several injunctions related to his religious practice. Dkt. No. 1 at 21.

### THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S.*

*v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

Shaw asks to proceed with a First Amendment religious freedom claim, a Fourteenth Amendment equal protection claim, and a state law "indemnification" claim under Wis. Stat. §895.46. Dkt. No. 1, ¶¶38-59. Shaw also mentions that he believes Aramark and/or Milwaukee County receives "federal funding" for the specific purpose of providing Kosher meals. *Id.*, ¶20. The Court presumes that Shaw is attempting to implicate a Religious Land Use and Institutionalized Persons Act (RLUIPA) claim with respect to his claim regarding Kosher meals.

1. **First Amendment and RLUIPA**

The First Amendment and RLUIPA both prohibit the government from placing a "substantial burden" on an inmate's religious practice. *Jones v. Carter*, 915 F.3d 1147, 1150-51 (7th Cir. 2019); *Thompson v. Holm*, 809 F.3d 376, 380 (7th Cir. 2016); *see also* 42 U.S.C. §2000cc-1(a). Religious practice includes "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." *Schlemm v. Wall*, 784 F.3d 362, 364 (7th Cir. 2015). A "substantial burden" puts substantial pressure on an adherent to modify his behavior and to violate his beliefs. *Id.* at 364-65. The Seventh Circuit has repeatedly held that forcing an inmate to choose between daily nutrition and religious practice is a substantial burden. *See Thompson*, 809 F.3d at 380 (collecting cases). More recently, the Seventh Circuit has specifically held that the government imposed a "substantial burden" on an inmate's religious practice when it refused to provide an inmate with halal meals that contained meat when the inmate's religion required consumption of halal meat to properly practice the religion. *Jones*, 915 F.3d at 1150-51.

Shaw alleges that Milwaukee County and/or Aramark have violated the First Amendment and RLUIPA by limiting him to Kosher meals that are vegetarian/vegan when his religion requires

5

him to eat Kosher meat such as chicken, pheasant, ducks, and fish to properly practice his religion. Shaw states that this has been routinely occurring since at least 2020. These allegations fall squarely within the parameters of *Jones*.

At this stage of the litigation, it's unclear which entity is responsible for making policy decisions regarding Kosher meals at the Milwaukee County Jail. *See, e.g.*, *Gill v. Aramark Corr. Servs.,* No. 18-CV-540-PP, 2018 WL 4233011, at *4 (E.D. Wis. Sept. 5, 2018) (concluding that, at screening, Aramark was a proper defendant in a First Amendment claim and a RLUIPA claim involving vegan meals for a Muslim inmate). Therefore, Shaw may proceed with a First Amendment claim and a RLUIPA claim against Milwaukee County and Aramark regarding the failure to provide Shaw with Kosher meat in order for him to properly practice his religion. Following discovery and motion practice, the Court can better determine which specific entity is responsible for making policy decisions about Kosher meals at the Milwaukee County Jail.

The Court will dismiss John/Jane Doe Aramark employees #1-10 from this case. *See, e.g.*, *Maddox v. Love*, 655 F.3d 709, 717 (7th Cir. 2011) ("RLUIPA does not allow for suits against prison officials in their individual capacity."). John/Jane Doe Aramark employees #1-10 simply serve food at the jail and have no authority to determine what foods are contained in Kosher meals. Further, even if they could be proper defendants under the First Amendment, Shaw's allegations that John/Jane Doe Aramark employees #1-10 "falsely labeled" food as Kosher and/or purposely "contaminated" Kosher food amount to nothing more than conclusory allegations. Shaw does not allege any specific facts, dates, or other information that would give John/Jane Doe Aramark employees #1-10 notice that they are defendants in this case. In other words, Shaw appears to name John/Jane Doe Aramark employees #1-10 as a catchall for anyone who might have been involved in serving Kosher meals at the jail. But without identifying specific dates when his food

6

was "falsely labeled" and "contaminated" or proving basic facts about who was involved in such acts (i.e. whether it was a male/female staff member; what unit they usually served; what shift they served; etc.) there is no way to identify these individuals and give them notice that they are defendants in this case. Therefore, the Court will dismiss John/Jane Doe Aramark employees #1-10 from this case.

2. **First and Fourteenth Amendments**

In the prison context, the free exercise clause and equal protection clause turn on the same question of "reasonableness." *Maddox*, 655 F.3d at 719-20. "The court must balance [Plaintiff's] right to be afforded a reasonable opportunity to exercise the religious freedom guaranteed by the First and Fourteenth Amendments against the legitimate penological goals of the prison." *Id*. This test gives appropriate deference to prison officials, avoiding unnecessary judicial intrusion into security problems, economic considerations, and other prison concerns. *Id*.

But prisons may not "allocat[e] a disproportionally small amount of the religious budget" to particular religions. *Id*. "The rights of inmates belonging to minority or non-traditional religions must be respected to the same degree as the rights of those belonging to larger and more traditional denominations." *Id*. "Of course, economic and, at times, security constraints may require that the needs of inmates adhering to one faith be accommodated differently from those adhering to another." *Id*. But "the treatment of all inmates must be qualitatively comparable." *Id*. "It is premature to make that determination at the pleading stage." *Id*.

Shaw alleges that the Johnston, the religious coordinator at the jail, provides significantly fewer resources to Jewish inmates at the jail than to Christian or Muslim inmates at the jail. He states that Jewish inmates do not have religious services with a Rabbi; that Jewish holidays are not publicly announced or acknowledged; that there are no special meals for Jewish holidays; and

7

there are no specific instructions on how to participate in the religion. He states that Christian and Muslim inmates receive all of these special services at the jail.

While there may be legitimate budgetary constraints that prevent the jail from providing exactly the same services for all religions, the Court cannot arrive at that conclusion at the pleading stage. Thus, Shaw may proceed with a First and Fourteenth Amendment claim against Johnston with respect to allocating significantly fewer resources to Jewish inmates at the jail than to Christian and Muslim inmates at the jail.

3. **Wisconsin state law**

Plaintiff also seeks to proceed with a claim under Wis. Stat. §895.46. Dkt. No. 1, ¶¶57-59. But that statute does not create an additional cause of action. It simply explains who must pay if a judgment is entered against a state officer. *See Ware v. Percy*, 468 F. Supp. 1266 (1976) (noting that the purpose of the law is to shield state employees from monetary loss in tort suits not to create additional causes of action.) Plaintiff does not have an independent cause of action under Wis. Stat. §895.46.

CONCLUSION

The Court finds that Plaintiff may proceed with the following claims: (1) a First Amendment claim and a RLUIPA claim against Milwaukee County and Aramark with respect to the failure to provide Kosher meals with meat at the Milwaukee County Jail; and (2) a First and Fourteenth Amendment claim against Johnston with respect to allocating significantly fewer resources to Jewish inmates at the jail than to Christian or Muslim inmates at the jail.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that John/Jane Doe Aramark employees #1-10 are **DISMISSED** from the case.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between Milwaukee County and this Court, copies of Plaintiff's complaint and this order are being electronically sent today to Milwaukee County for service on Johnston and Milwaukee County.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between Milwaukee County and this Court, Johnston and Milwaukee County shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon Aramark pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2)–(3). Although Congress requires the Court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the Court or by the U.S. Marshals Service. The Court is not involved in the collection of the fee.

**IT IS FURTHER ORDERED** that Aramark shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the **$350.00** balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The

payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, the transferring institution shall forward a copy of this order along with Plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to Milwaukee County Sheriff and to Dennis Brand, 821 W. State Street, Room 224, Milwaukee, WI 53233.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal

rights of the parties. Therefore, failure to provide your correct address could result in dismissal of your case for failure to prosecute.

Dated at Green Bay, Wisconsin this 7th day of April, 2022.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge