UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WILLIAM ROBERT SHAW,

        Plaintiff,

      v.                                             Case No. 22-C-97

COUNTY OF MILWAUKEE, et al.,

        Defendants.

# ORDER

Plaintiff William Robert Shaw, who is representing himself, is proceeding on the following claims: (1) a First Amendment/Religious Land Use and Institutionalized Persons Act (RLUIPA) claim that Defendants Milwaukee County and Aramark Correctional Services, LLC failed to provide Kosher meals with meat at the Milwaukee County Jail; and (2) a First/Fourteenth Amendment claim that Defendant Matthew Johnston allocated significantly fewer jail resources to Jewish inmates than to Christian or Muslim inmates. Dkt. No. 8 at 8. Aramark filed an answer on June 6, 2022; and County Defendants filed an answer on June 7, 2022. Dkt. No. 14 & 17.

On August 17, 2022, Aramark filed a motion to dismiss for lack of prosecution or in the alternative to compel responses to discovery requests based on Shaw's refusal to sign authorizations to review his jail file sent June 28, 2022 and failure to respond to interrogatories and requests for production of document sent June 24, 2022. Dkt. No. 21. The requested authorizations included: (1) Department of Corrections - Health Information; (2) Department of Corrections - Non-Health Information; (3) Milwaukee County Jail - Health Information; and (4) Milwaukee County Jail - Non-Health Information. *See* Dkt. No. 23-2. Shaw opposed the motion

claiming that the authorizations were too broad and sought irrelevant information such as his medical care records, mental health care records, dental records, HIV tests, etc. Dkt. No. 28. Shaw also stated that Aramark's answer was incomplete, confusing, and failed to comply with local rules, so he could not respond to other their other discovery requests. *Id*.

On September 16, 2022, the Court directed the parties to work together in good faith to limit the scope of the authorizations. Dkt. No. 29. The Court noted that Aramark's answer was acceptable under the Federal Rules of Civil Procedure and Civil Local Rules, and Shaw could not object to Aramark's discovery requests based on the answer. Dkt. No. 29. And the Court extended Aramark's deadline to reply to the motion to dismiss by 30 days so that it could provide information on whether the parties were able to reach agreement on the scope of the authorizations. *Id*.

On October 13, 2022, Aramark filed a reply to their motion explaining that Shaw still has not signed any authorizations or responded to any of their other discovery requests. Dkt. No. 37. Aramark cites Shaw's filings from June 2022 through August 2022, asserting that Shaw is intentionally impeding litigation and preventing it from defending this case. *Id*. But the Court still does not have any information on what efforts were made by the parties *after* the Court's September 16, 2022, directive to work together to limit the scope of the authorizations. *See id*. In other words, the Court agrees that dismissal may be an appropriate sanction for failing to comply with discovery requests, but the Court began the process by giving Shaw a warning and directing both parties to work together to resolve the issues. It's unclear what, if anything, happened after that warning. The Court will therefore direct Aramark to file by November 2, 2022 a short supplement to their reply with the following information: (1) what efforts it made to reach out to Shaw *after* the Court's September 16, 2022 order to resolve the issues surrounding the scope of

2

the authorizations and/or other discovery issues; (2) Shaw's response to their efforts (if any); and (3) an explanation of why Aramark needs access to Shaw's health information when this case involves his religion. In other words, Aramark must address Shaw's contention that its authorization is too broad. Shaw may file a response to Aramark's supplemental reply by November 16, 2022.

On September 27, 2022, the County Defendants also filed a motion to compel discovery or in the alternative motion to dismiss based on Shaw's failure to respond to interrogatories, requests for production of documents, and requests to admit sent on July 7, 2022. Dkt. No. 31. Shaw filed a response to the motion explaining that his discovery responses would have been due on or around September 7, 2022 pursuant to the Court's scheduling order, *see* Dkt. No. 18 at 1, and he requested an additional 21-day extension of time to respond. *See* Dkt. Nos. 31 & 39. Shaw states that, as of October 13, 2022, he has already submitted his discovery responses to the County Defendants. Dkt. Nos. 39 & 40. Shaw also states that the County Defendants did not attempt to meet and confer before filing the motion to compel as required by Local Rule 37 and their motion to compel was premature. Because Shaw has already responded to the County Defendants discovery requests, the Court will deny their motion to compel discovery or in the alternative motion to dismiss as moot. If there are issues with the adequacy of Shaw's discovery responses, the County Defendants should attempt to meet and confer with Shaw before filing another motion to compel.

**IT IS THEREFORE ORDERED** that, by **November 2, 2022,** Defendant Aramark file a short supplement to their reply providing the following information: (1) what efforts it made to reach out to Shaw *after* the Court's September 16, 2022 order to resolve the issues surrounding the scope of the authorizations and/or other discovery issues; (2) Shaw's response to their efforts

3

(if any); and (3) an explanation of why Aramark needs access to Shaw's health information when this case involves his religion. Shaw may respond to Aramark's supplemental materials by **November 16, 2022**.

**IT IS FURTHER ORDERED** that the County Defendants' motion to compel discovery or in the alternative motion to dismiss (Dkt. No. 31) is **DENIED as moot**.

Dated at Green Bay, Wisconsin this 24th day of October, 2022.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
