UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WILLIAM ROBERT SHAW,

    Plaintiff,

v.                                                 Case No. 22-C-97

COUNTY OF MILWAUKEE, et al.,

    Defendants.

## ORDER

Plaintiff William Robert Shaw, who is representing himself, is proceeding on the following claims: (1) a First Amendment/Religious Land Use and Institutionalized Persons Act (RLUIPA) claim that Defendants Milwaukee County and Aramark Correctional Services, LLC failed to provide Kosher meals with meat at the Milwaukee County Jail and (2) First and Fourteenth Amendment claims that Defendant Matthew Johnston allocated significantly fewer jail resources to Jewish inmates than to Christian or Muslim inmates. Dkt. No. 8 at 8. Discovery closed November 7, 2022, and dispositive motions are due December 7, 2022. Dkt. No. 18.

On August 17, 2022, Aramark filed a motion to dismiss for lack of prosecution or in the alternative to compel responses to discovery requests. Dkt. No. 21. Aramark explained that Shaw refused to sign authorizations to review his jail file (sent June 28, 2022) and failed to respond to interrogatories and requests for production of documents (sent June 24, 2022). *Id*. The requested authorizations included (1) Department of Corrections - Health Information; (2) Department of Corrections - Non-Health Information; (3) Milwaukee County Jail - Health Information; and (4) Milwaukee County Jail - Non-Health Information. *See* Dkt. No. 23-2. Shaw opposed the motion,

claiming that the medical authorizations were too broad and sought irrelevant information, such as his medical care records, mental health care records, dental records, HIV tests, etc., and that he would not respond to the discovery requests until Aramark amended its answer. Dkt. No. 28. Shaw also filed a motion to strike Aramark's answer, arguing that it is "incomplete and confusing as it doesn't contain any of Shaw's pleadings." Dkt. No. 25.

On September 16, 2022, the Court denied Shaw's motion to strike Aramark's answer, finding that the answer was acceptable under the Federal Rules of Civil Procedure and Civil Local Rules and that Shaw could not object to Aramark's discovery requests based on the answer. Dkt. No. 29. The Court also directed the parties to work together in good faith to limit the scope of the medical authorizations. It extended Aramark's deadline to reply to the motion to dismiss by 30 days so that it could provide information on whether the parties were able to reach agreement on the scope of the medical authorizations. *Id*.

Aramark filed a reply to the motion on October 13, 2022, explaining that Shaw still had not signed any of the authorizations (medical or non-medical) or responded to any other discovery requests. Dkt. No. 37. It asserted that Shaw is intentionally impeding litigation and preventing it from defending the case. *Id.* On October 24, 2022, the Court ordered Aramark to supplement its reply by November 2, 2022, and explain what efforts it made to reach out to Shaw after the Court's September 16, 2022 order to resolve the issues surrounding the scope of the authorizations and/or other discovery issues; Shaw's response to its efforts (if any); and why Aramark needs access to Shaw's health information when this case involves his religion. Dkt. No. 41. The Court advised that Shaw could respond to the supplement by November 16, 2022.

On October 31, 2022, Shaw filed an oppositional reply to the motion to dismiss. Dkt. No. 48. He asserted that the Court should deny the motion as premature because it was filed a week

or two before his deadline to respond to the discovery requests. Shaw maintains that he has since responded to Aramark's discovery requests to the best of his ability. *Id.*

Aramark filed its supplement on November 2, 2022. Dkt. No. 51. It indicated that, on October 24, 2022, it received Shaw's responses to its interrogatories and requests for production, but Shaw's responses were unresponsive and failed to provide any substantive information. On October 28, 2022, it wrote to Shaw explaining that he needed to identify the injuries he alleges he sustained so that Aramark could determine whether records regarding his physical, emotional, or mental health are relevant to the claims and defenses Shaw asserts. Aramark indicated that if Shaw either supplemented his discovery responses or confirmed in writing that he is not asserting physical, emotional, or mental injuries or damages, Aramark would withdraw its request for the medical authorizations. In addition, Aramark reminded Shaw that it served him with an authorization for release of his non-medical jail records on June 28, 2022, and asserted that he should return a signed copy of the authorization immediately. *Id.* In its supplement, Aramark advised that, as of November 2, 2022, Shaw had failed or refused to execute an authorization for non-medical information, even though Shaw had never objected to the release of this information. Shaw has not filed a response to the supplement.

Even if Aramark filed its motion to dismiss prematurely, Shaw has now had over five months to sign the non-medical authorizations, and he is still refusing to do so. Shaw has never objected to the release of this information. Indeed, Shaw's non-medical information and the records relating to his incarceration at the Milwaukee County Jail are clearly relevant to the claims he asserts against Aramark. Aramark cannot properly defend this case without Shaw's jail file, and Shaw's issues with the scope of medical authorizations do not explain why he refuses to sign the authorizations for his non-medical jail file. Shaw has also failed to respond to Aramark's offer

to withdraw its request for medical authorizations provided he confirm in writing that he would not seek any damages for physical, emotional, or mental distress. By bringing this action and refusing to confirm that he will not seek damages for physical, emotional, or mental distress, Shaw has placed the medical information sought by Aramark at issue and waived any right to privacy he may otherwise have with respect to his medical records. While the Court will not dismiss Shaw's claims against Aramark at this point, it will grant its motion to compel. Shaw must (1) either confirm he is not seeking damages for physical, emotional, or mental injuries or sign the releases for medical and mental health records tendered by Aramark and (2) sign the authorizations for the disclosure of non-medical jail records within 14 days of the date of this order. Failure to do so may result in the dismissal of this action.

On November 14, 2022, Shaw also filed a motion to extend the time to conduct discovery from November 7, 2022, to April 7, 2023, and to extend the dispositive motion deadline from December 7, 2022, to May 26, 2023. Dkt. No. 56. Although Shaw asserts that he "has issues with some of the [defendants' discovery] responses and needs to conduct further discovery to follow up on his previous discovery requests, he has not explained what discovery requests are still outstanding. *Id*. at 2. Shaw has had ample time to conduct meaningful discovery in this case. He has not established good cause to extend the discovery and dispositive motion deadlines by five months. Therefore, Shaw's motion for an extension of time is denied.

On October 31, 2022, Shaw filed a motion for judicial disqualification or in alternative for change of venue to the Milwaukee division and a motion objecting to this Court's perceived bias. Dkt. Nos. 44 & 46. Shaw states that the Court is unfairly compromising his civil cases due to racial discrimination. Dkt. No. 44 at 1. With respect to this case, Shaw states that the Court allegedly ordered him to respond to a motion to compel that was premature. *Id*. Shaw states that

4

when he made the same mistake in a different case, the Court denied his motion. *Id*. In *Shaw v. Seel, et al*., Case No. 20-C-365 (E.D. Wis.), the Court allegedly gave legal advice to Defendants on "how to litigate against Shaw." *Id*. at 2. The Court was also allegedly rude and disrespectful to Shaw during a hearing. *Id*. And, in *Shaw v. City of Milwaukee*, Case No. 20-C-1544 (E.D. Wis.), the Court allegedly made Shaw relitigate an issue that was already argued and decided in a different case, *Collins v. City of Milwaukee, et al*., Case No. 17-C-234 (E.D. Wis.). *Id*. at 3. Shaw had to conduct the "same and/or similar discovery" but was limited to obtaining records that were less than 100 pages, otherwise he had to pay a fee. *Id*. The Court also denied his request for a settlement conference. Dkt. No. 45 at 3. Shaw asks for a new judge or to change venue to the Milwaukee Division. Dkt. No. 44.

Shaw's accusations of bias and prejudice are baseless. In this case, Aramark's prematurely filed motion to compel needed a response because Shaw had already refused to sign authorizations, meaning this case could not go forward. Shaw's prematurely filed motion to compel in his other case did not need a response because Defendants simply had not had enough time to respond to the discovery requests. In other words, unlike Shaw, Defendants were not refusing to respond to discovery; they just needed more time. A response was therefore unnecessary.

Second, during the motion hearing in Case No. 20-C-365, the Court ordered Defendants to go back and check whether the videotape evidence Shaw wanted actually existed. Contrary to Shaw's assertion, the Court did not prohibit him from getting evidence he wanted for his *Monell* claim—it assisted him in acquiring the evidence he asked for. Ultimately, the videotape evidence he wanted did not exist, or was too burdensome to acquire, but that does not mean the Court is "always being in favor to Defendants." *See* Dkt. No. 45 at 1. Shaw also claimed that the Court instructed Defendants to conduct a deposition to ask about weather temperatures, *see id*. at 2, but

5

Case 1:22-cv-00097-WCG   Filed 11/21/22   Page 5 of 7   Document 60

that motion hearing did not involve a discussion of depositions. To the extent Shaw believes the Court was rude and disrespectful, the Court has a duty to control its legal proceedings, and it has the authority to limit arguments to keep the case on track.

Third, with respect to Case No. 20-C-1544, Shaw is required to litigate his own case. He cannot claim that *Collins v. City of Milwaukee* has already resolved his case in his favor. Shaw must also finance his own litigation, and there is nothing improper about having to pay a fee for records that are over 100 pages. The City of Milwaukee has an ordinance that requires fees for documents, and other litigants must pay for all of their records. Shaw must only pay for those that are voluminous. Further, the Court is not involved in settlement discussions, so Shaw must directly contact Defendants to make a settlement offer.

Finally, Shaw notes that the Court keeps inquiring about when his underlying criminal cases are going to trial. Dkt. No. 45. He believes this is suspicious because the Court is "keenly interested in the outcome of the matter." *Id*. at 3. But the Court is inquiring about his criminal trial for purposes of scheduling and determining whether he will remain in the Milwaukee County Jail. To the extent this case goes to trial, the Court seeks to avoid conflicts with his underlying criminal trial. The Court will deny the motion for judicial disqualification or in the alternative a change of venue to Milwaukee and motion objecting to Judge Griesbach's bias.

**IT IS THEREFORE ORDERED** that Aramark's motion to dismiss for lack of prosecution, or alternatively, to compel (Dkt. No. 21) is **GRANTED-IN-PART** and **DENIED-IN-PART**. The motion to compel is granted, and Shaw must (1) either confirm he is not seeking damages for physical, emotional, or mental injuries or sign the releases for medical and mental health records tendered by Aramark and (2) sign the authorizations for the disclosure of non-

medical jail records within 14 days of the date of this order. Failure to do so may result in the dismissal of this action. The motion is denied in all other respects.

**IT IS FURTHER ORDERED** that Shaw's motion for judicial disqualification or in alternative for change of venue to the Milwaukee division and motion objecting to Judge Griesbach's bias (Dkt. Nos. 44 & 46) are **DENIED**.

**IT IS FURTHER ORDERED** that Shaw's motion for an extension of time to conduct discovery (Dkt. No. 56) is **DENIED**.

Dated at Green Bay, Wisconsin this 21st day of November, 2022.

s/ William C. Griesbach
William C. Griesbach
United States District Judge