UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WILLIAM ROBERT SHAW,

    Plaintiff,

v.                                          Case No. 22-C-97

COUNTY OF MILWAUKEE, et al.,

    Defendants.

## ORDER

Plaintiff William Robert Shaw, who is representing himself, is proceeding on the following claims: (1) a First Amendment/Religious Land Use and Institutionalized Persons Act (RLUIPA) claim that Defendants Milwaukee County and Aramark Correctional Services, LLC failed to provide Kosher meals with meat at the Milwaukee County Jail; and (2) a First/Fourteenth Amendment claim that Defendant Matthew Johnston allocated significantly fewer jail resources to Jewish inmates than to Christian or Muslim inmates. Dkt. No. 8 at 8.

On November 21, 2022, the Court warned Shaw that, if he wanted to proceed with his case against Aramark, he had to: (1) sign Aramark's request for authorization for the disclosure of non-health jail records; and (2) either confirm he is not seeking damages for physical, emotional, or mental injuries from Aramark *or* additionally sign Aramark's request for releases of medical and mental health records by December 5, 2022. Dkt. No. 60; *see also* Dkt. Nos. 23-2 at 6-7. On December 16, 2022, Shaw filed a Declaration indicating that he placed a signed release regarding non-health jail records in the mail on December 1, 2022. Dkt. No. 80, ¶1. He also indicated that he is not claiming any physical, emotional, or mental injuries from Aramark. *Id*., ¶10.

On December 21, 2022, Aramark filed a response to Shaw's Declaration stating that Shaw did not sign the correct authorization for the disclosure of non-medical jail records. Dkt. No. 83. Instead, Shaw signed a "Department of Corrections" authorization but crossed-out that title and wrote "Milwaukee County Jail Facility." *Id*., ¶9. He also crossed-out subsections (of the incorrect DOC authorization) such that Aramark could only receive "grievances and requests" and no other files or documents. *Id*., ¶10.

As the Court has already previously explained, Aramark is entitled to see Shaw's <u>entire</u> non-medical jail records to determine relevant defenses. *See* Dkt. No. 60. Aramark is entitled to receive this information through the correct jail authorization form (not the incorrect DOC authorization form). If Shaw wishes to proceed with his claims against Aramark in this case, he must sign the correct Authorization for Disclosure of Information, *see* Dkt. No. 23-2 at 7, as is by **January 17, 2023**. The Court will direct the Clerk's office to mail to Shaw a copy of the document, along with this order. Failure to sign the document "as is" will result in dismissal of the claims against Aramark from this case.

**IT IS THEREFORE ORDERED** that, if Shaw wishes to proceed against Aramark in this case, he must sign the Authorization for Disclosure of Information "as is" by **January 17, 2023**. The Clerk's office is directed to mail to Shaw a copy of the document, *see* Dkt. No. 23-2 at 7, along with this order. Failure to sign the document "as is" will result in dismissal of the claims against Aramark from this case.

Dated at Green Bay, Wisconsin this <u>3rd</u> day of January, 2023.

                                                           s/ William C. Griesbach
                                                         William C. Griesbach
                                                         United States District Judge