UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WILLIAM ROBERT SHAW,

    Plaintiff,

    v.                                                           Case No. 22-C-97

COUNTY OF MILWAUKEE, et al.,

    Defendants.

## ORDER

Plaintiff William Robert Shaw, who is representing himself, is proceeding on the following claims: (1) a First Amendment/Religious Land Use and Institutionalized Persons Act (RLUIPA) claim that Defendant Milwaukee County failed to provide Kosher meals with meat at the Milwaukee County Jail and (2) a First/Fourteenth Amendment claim that Defendant Matthew Johnston allocated significantly fewer jail resources to Jewish inmates than to Christian or Muslim inmates. Dkt. No. 8 at 8; *see also* Dkt. No. 107. Discovery closed November 7, 2022; and dispositive motions were due December 7, 2022. Dkt. No. 18. Defendants timely filed a motion for summary judgment; and Shaw's response was due January 9, 2023. *See* Dkt. Nos. 63 & 74.

On December 13, 2022, Shaw filed a motion for extension of time to conduct discovery or, in the alternative, motion to strike Defendants' answer and affirmative defenses. Dkt. No. 76. On December 27, 2022, Shaw filed a motion for sanctions and motion to stay his deadline to respond to Defendants' motion for summary judgment and schedule an evidentiary hearing. Dkt. No. 85. The Court held an evidentiary hearing on May 10, 2023. *See* Dkt. No. 117. The Court

will resolve the motions for extension of time to conduct discovery and for sanctions at a later date; and at that time, it will set a summary judgment response deadline. Thus, the Court will deny the motion to stay the response deadline and to schedule an evidentiary hearing as moot.

On May 11, 2023, Shaw filed a "motion for judicial disqualification." Dkt. No. 118. Shaw reiterates his assertions of "racial discrimination and unfair practices." *Id.*; *see also* Dkt. No. 46. He also explains that he has now filed a lawsuit against me; and therefore, there are conflicts of interest, which he "does not agree to waive." Dkt. No. 118.

"Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. §455. "Section 455(a) asks whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits." *Hook v. McDade*, 89 F.3d 350, 354 (7th Cir. 1996). "The question is how things appear to the well-informed, thoughtful observer rather than to a hypersensitive or unduly suspicious person." *Id.*

But "[t]here is no rule that requires a judge to recuse himself from a case, civil or criminal, simply because he was or is involved in litigation with one of the parties." *In re Taylor*, 417 F.3d 649, 652–53 (7th Cir. 2005). Indeed, "[o]ne reason for this policy is that a per se rule of disqualification would allow litigants to judge shop by filing a suit against the presiding judge." *Id.* Although at first glance a lawsuit against a judge may seem to be proper grounds for recusal, "recusal is not automatic because suits against public officials are common and a judge would likely not harbor bias against someone simply because the person named him in a meritless civil suit." *Id.*

Similarly, "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal

bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." 28 U.S.C. §144. In a recent prisoner case, the Seventh Circuit explained that "adverse rulings alone are generally insufficient evidence to show prejudice." *Jones v. Baylor*, No. 22-1296, 2023 WL 3646069, at *4 (7th Cir. May 25, 2023) (citing *Liteky v. United States*, 510 U.S. 540, 555 (1994)). Instead, "[a]n affidavit under §144 must contain 'facts that are sufficiently definite and particular to convince a reasonable person that bias exists; simple conclusions, opinions, or rumors are insufficient.'" *Id*. (quoting *Hoffman v. Caterpillar, Inc.*, 368 F.3d 709, 718 (7th Cir. 2004)). Allegations such as the judge has "demonstrated blithe bias and favor for the defense" and has "demonstrated their allegiance as enemies of civil rights" is "the opposite of the concrete facts that a §144 affidavit must contain to force a judge's removal from a case." *Id*. Because §144 requires that a judge be removed from a case if a party's affidavit is sufficient, the Seventh Circuit "strictly" enforces the statute's procedural requirements. *Id*. (citing *United States v. Betts-Gaston*, 860 F.3d 525, 537 (7th Cir. 2017)).

Neither statute requires my recusal. Shaw's new lawsuit against me only alleges disagreement with the rulings I made in this and other cases and, as the Seventh Circuit recently explained, adverse rulings alone are insufficient evidence to show bias or prejudice. *Jones*, 2023 WL 3646069, at *4. Toward that end, the Court has explained to Shaw numerous times that adverse rulings do not show bias or prejudice; thus, it appears that Shaw has filed this new lawsuit for the sole purpose of creating a meritless conflict of interest. Shaw does not get to go shopping for a new judge because he is unhappy with the rulings in his cases. Shaw also has not provided an affidavit with definite and particular facts to convince a reasonable person that bias, prejudice, or impartiality exists. Shaw's conclusory allegations and opinions are insufficient.

Because Shaw has not asserted any reasonable basis for judicial disqualification, the motion will be denied.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to stay the response deadline to Defendants' motion for summary judgment and to schedule an evidentiary hearing (Dkt. No. 85) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for judicial disqualification (Dkt. No. 118) is **DENIED**.

Dated at Green Bay, Wisconsin this 16th day of June, 2023.

s/ William C. Griesbach
William C. Griesbach
United States District Judge